# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1064V

| | |
|---|---|
| PEDRO MORA, for and on behalf of his minor child, F.M.A.,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 22, 2025 |

*Sean Frank Greenwood*, Greenwood Law Firm, Houston, TX, for Petitioner.

*Julianna Rose Kober*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 12, 2024, Pedro Mora filed a petition on behalf of his son, F.M.A., a minor child, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that F.M.A. suffered from immune thrombocytopenia purpura ("ITP") as a result of a measles, mumps, rubella, and varicella vaccine ("MMRV vaccine") administered to F.M.A. on September 3, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 1, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On April 22, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $30,000.00 to purchase an annuity contract as set forth in the attached Proffer and a lump sum payment of $7,757.75 for past unreimbursable expenses. Proffer at 2-4. In the Proffer, Respondent represented

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **An amount of $30,000.00 to purchase the annuity contract described in the attached Proffer, and**

B. **A lump sum payment of $7,757.75, representing compensation for past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PEDRO MORA, *for and on behalf of his minor child, F.M.A.*,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 24-1064V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

I. **Procedural History**

On July 12, 2024, Pedro Mora ("petitioner") filed a petition on behalf of his son, F.M.A, a minor child, for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.* ("Vaccine Act" or "Act"). Petitioner alleges that F.M.A. suffered from immune thrombocytopenia purpura ("ITP") as a result of a measles, mumps, rubella, and varicella vaccine ("MMRV vaccine") administered to F.M.A. on September 3, 2021. *See* Petition ("Pet.") at 1.

On February 24, 2025, respondent filed his Vaccine Rule 4(c) report, conceding that F.M.A. suffered from ITP, a Table injury, and that no other causes for such illness have been identified. *See* Respondent's Report at 10-11. On April 1, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for F.M.A.'s injury. Respondent now proffers that petitioner be awarded the damages described below.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

## II. <u>Items of Compensation and Form of the Award</u>

Based upon the evidence of record, respondent proffers, and the parties recommend, that the compensation provided to F.M.A. should be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

### A. <u>Pain and Suffering</u>

For pain and suffering pursuant to 42 U.S.C. § 300aa-15(a)(4), an amount not to exceed **$30,000.00** to purchase an annuity contract,[3] paid to the life insurance company[4] from which the annuity will be purchased,[5] subject to the conditions described below,[6] that will provide

---

[2] Should F.M.A. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[6] The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors,

payments to F.M.A. as set forth below:

    a.    A certain Lump Sum of $22,953.33 payable on January 19, 2035.
    b.    A certain Lump Sum of $22,953.33 payable on February 19, 2035.

The purchase price of the annuity described in this section II.A shall neither be greater nor less than $30,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $30,000.00, the certain lump sums payable on January 19 and February 19, 2035, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $30,000.00. Should F.M.A. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of F.M.A.'s death. Petitioner agrees.

    B.  <u>Past Non-Reimbursable Expenses</u>

Evidence supplied by petitioner documents the expenditure of past unreimbursable expenses related to F.M.A.'s vaccine-related injury. Respondent proffers that petitioner should be awarded a lump sum payment of **$7,757.75** representing past unreimbursable expenses to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation that petitioner or F.M.A. would be entitled to under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[7]

---

administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[7] At the time payment is received, F.M.A. will be an adult, and thus guardianship is not required.

3

### III. Summary of Recommended Payments Following Judgment

| | | |
|---|---|---:|
| A. | An amount of $30,000.00 to purchase the annuity contract described above in section II.A. | **$30,000.00** |
| B. | A lump sum payment of $7,757.75, representing compensation for past unreimbursable expenses to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. | **$7,757.75** |

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Julianna R. Kober*
Julianna R. Kober
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 742-6375
Julianna.R.Kober@usdoj.gov

Date: April 22, 2025